IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

**FILED**
August 27, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____JW_____
DEPUTY

| | |
|---|---|
| **RAUL AVALOS (#01531955)** § <br> **1391 FM 3328** § <br> **TENNESSEE COLONY, TX 75880,** § <br> § <br> **v.** § <br> § <br> **THE STATE OF TEXAS,** § <br> **DISTRICT ATTORNEY'S OFFICE,** § <br> **ATTORNEY-YVONNE ROSALES,** § | NO. 3:25-CV-00186-KC-LE |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

*Pro se* prisoner Raul Avalos, sentenced to 75 years in prison following his conviction for attempted capital murder, alleges that the State of Texas, El Paso County District Attorney's Office, and District Attorney Yvonne Rosales violated his constitutional rights when they failed to disclose exculpatory evidence and failed to respond to post-trial discovery seeking the information. Avalos' lawsuit is based on claims under 42 U.S.C. Section 1983, and I recommend that it be dismissed because the claim is time-barred, seeks monetary relief against a defendant who is immune, and fails to state a claim on which relief may be granted.

**1. Proceeding *In Forma Pauperis***

Avalos is incarcerated and is serving a 75-year sentence at a Texas state prison located in Tennessee Colony, Texas.[1]  Avalos has not filed any other civil lawsuit.[2] He alleges he has no money or assets[3], so I recommend that he be allowed to proceed *in forma pauperis*.[4]

---

[1] ECF No. 1, at 1.
[2] ECF No. 1-1, at 2.
[3] ECF No. 1, at 1-2.
[4] *See* 28 U.S.C. § 1915(a)(1).

## 2. Legal Standards

Assuming Avalos is permitted to proceed *in forma pauperis*, his complaint is subject to screening under 28 U.S.C § 1915(e)(2)(B). The statute provides, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that…the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.[5]

A complaint is frivolous if it lacks an arguable basis in law or fact.[6] A complaint should not be dismissed for failure to state a claim unless the plaintiff fails to set forth sufficient factual allegations to raise a right of relief above the speculative level.[7] Plaintiff must set forth sufficient facts to state a claim to relief that is plausible on its face.[8] A court must consider the allegations in a pro se plaintiff's complaint liberally.[9] *Pro se* status does not, however, afford a plaintiff an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judiciary machinery with meritless litigation, and abuse already overloaded court dockets."[10]

## 3. Avalos' Claim is Time-barred

Avalos alleges that defendants violated his constitutional rights to a fair trial under the Sixth Amendment when they failed to disclose exculpatory evidence.[11] On June 9, 2010, his conviction was affirmed by the Texas Eighth Court of Appeals, and his petition for discretionary review was

---

[5] 28 U.S.C. § 1915(e)(2)(B).
[6] *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).
[7] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).
[8] *Id.* at 570.
[9] *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007).
[10] *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).
[11] ECF No. 1-1, at 6-7.

denied by the Texas Court of Criminal Appeals later that same year.[12] Avalos' family hired an attorney to send post-trial discovery that was sent to the District Attorney's Office on September 28, 2021.[13] He alleges that they never replied or responded to the discovery requests despite repeated letters seeking the information.[14] He seeks a declaratory judgment that the defendants violated his constitutional rights, an order compelling defendants provide the post-trial discovery materials requested, attorney's fees for litigation costs incurred by his sister, and any other relief the Court deems just and proper including injunctive relief to prevent further violations of his constitutional rights.[15]

Section 1983 provides a remedy for constitutional rights violations.[16] The limitations period for claims arising in Texas is two years.[17] Avalos states that his trial occurred before 2010 when his conviction was affirmed.[18] Additionally, the post-trial discovery supposedly at issue in the complaint was sent and due in 2021.[19] Avalos sent "a couple" of letters in 2022 on the post-trial discovery.[20] Any alleged violation of his constitutional rights was known by plaintiff by 2021 when post-trial discovery was sent.[21] Avalos admits he previously sought a Writ of Habeas Corpus- that was denied by the Texas Court of Criminal Appeals in 2023- based on the failure of the El Paso District Attorney's office's to comply with the discovery requests.[22]

---

[12] ECF No. 1-1, at 9.
[13] *Id.*
[14] *Id.*
[15] ECF No. 1-1, at 15.
[16] *San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 697, 700 (5th Cir. 1991).
[17] *Whitt v. Stephens County*, 529 F.3d 278, 282 (5th Cir. 2008).
[18] ECF No. 1-1, at 9.
[19] ECF No. 1-1, at 9 and 17-23.
[20] ECF No. 1-1, at 24-26.
[21] ECF No. 1-1, at 9 and 17-23.
[22] ECF No. 1-1, at 10.

In *in forma pauperis* actions, the court "may raise the defense of limitations *sua sponte*…[and] [d]ismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable status of limitations."[23] The filing of this lawsuit on May 23, 2025, is more than two years after the accrual of the alleged claim. The filing of the lawsuit is also more than two years after the post-trial discovery was due. Even considering the allegations in the complaint liberally, the civil claim is time-barred and should be dismissed.

4.   **Claims Against the State of Texas Fail**

Avalos asserts § 1983 claims against the State of Texas,[24] and, the Court does not have subject matter jurisdiction over such claims. "Absent consent or congressional direction otherwise, the United States and the individual states are immune from suit."[25] Mr. Avalos has not asserted any facts indicating that the State of Texas has consented to suit nor identified any law suggesting that immunity does not bar his claims against it.

5.   **Claims Against Prosecutors are Barred by *Heck***

Avalos sued the El Paso County District Attorney's Office and District Attorney Yvonne Rosales for § 1983 claims alleging they violated his constitutional rights when they failed to disclose exculpatory evidence and failed to respond to post-trial discovery seeking the information.[26] The U.S. Supreme Court has held that before a § 1983 plaintiff can recover damages for unlawful actions that would render a conviction or sentence invalid, the plaintiff must prove

---

[23] *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (citing *Harris v. Hegman*, 198 F.3d 153, 156 (5th Cir. 1999).
[24] ECF No. 1-1, at 8.
[25] *Ayala v New Mexico*, No. 23-2013, 2023 WL 3374112, at *1 (10th Cir. May 11, 2023)(citing *F.D.I.C. v Meyer,* 510 U.S. 471, 475 (1994); and *Torres v. Tex. Dep't of Pub. Safety*, 142 S. Ct. 2455, 2461-62 (2022)); *see also Whole Woman's Health v. Jackson,* 595 U.S. 30, 39 (2021) ("Generally, States are immune from suit under the terms of the Eleventh Amendment and the doctrine of sovereign immunity.").
[26] ECF No. 1-1, at 9-12.

that the conviction or sentence has been reversed on appeal or called into question by a federal court's issuance of a writ of habeas corpus.[27] If the conviction or sentence has not been invalidated, then plaintiff's claims are not cognizable under § 1983.[28] Plaintiff was convicted, remains in jail and has, by his own admission, lost all of his criminal appeals.[29] As long as plaintiff's conviction stands, any claim that implicates the validity of his conviction or sentence is barred by *Heck*[30] including claims for prosecutorial misconduct and *Brady* violations. Any claim for violation of his constitutional rights not based on § 1983 is not a recognized cause of action.[31]

### 6.     Recommendation

I recommend that Avalos be allowed to proceed *in forma pauperis*, and that is his complaint be filed and DISMISSED because the claim is time-barred, seeks monetary relief against a defendant who is immune, and fails to state a claim on which relief may be granted.

SIGNED and ENTERED on August 27, 2025.

_____
LAURA ENRIQUEZ
UNITED STATES MAGISTRATE JUDGE

---

[27] *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).
[28] *Id.*
[29] ECF No. 1-1, at 8-10.
[30] *See Stephenson v. Reno*, 28 F. 3d 26, 27-28 (5th Cir. 1994); *Lewis v. City of Waxahachie*, 465 F. Appx 383, 385 (5th Cir. 2012); *Emerson v. Thaler*, 544 F. Appx 325, 327 n.1 (5th Cir. 2013).
[31] *Hearth Inc. v. Dept. of Public Welfare*, 617 F.2d 381, 382 (5th Cir. 1980); *Hunt v. Smith*, 67 F. Supp. 2d 675, 681-82 (E.D. Tex. 1999).

## **NOTICE**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**