IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| RAUL AVALOS,  §<br>  Plaintiff,  §<br>  §<br>  §     Cause No. EP-25-CV-186-KC<br>  §<br>STATE OF TEXAS, *et al.*,  §<br>  Defendants.  § | |

## ORDER ACCEPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AND DISMISSING PLAINTIFF'S COMPLAINT

Raul Avalos, state prisoner number 01531955, seeks relief through a civil rights complaint under 42 U.S.C. § 1983. Pl.'s Compl., ECF No. 1-1 at 4, 15. His complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

Avalos is a 48-year-old prisoner at the Beto Unit in Tennessee Colony, Texas. *See* Texas Department of Criminal Justice, Inmate Information Details, https://inmate.tdcj.texas.gov /InmateSearch/viewDetail.action (search for TDCJ No. 01531955, last visited Sep. 18, 2025). He is serving a 75-year sentence for the attempted capital murder of two deputies from the El Paso County Sheriff's Office on March 7, 2007. *See Avalos v. State*, No. 08-08-00272-CR, 2010 WL 2297878, at *1 (Tex. App. June 9, 2010). His projected release date is March 6, 2082.

Avalos alleges in his complaint that the State of Texas, the El Paso County District Attorney's Office, and District Attorney Yvonne Rosales violated his constitutional rights when they failed to (1) disclose exculpatory evidence before his trial, which ended with a guilty verdict on August 19, 2008, and (2) respond to post-trial discovery request submitted by his counsel pursuant to Texas Code of Criminal Procedure article 39.14 on September 28, 2021. Pl.'s

1

Compl., ECF No. 1-1 at 3, 4, 18–23. Notably, Avalos asserts no causal link between the District Attorney's alleged denial of access to post-trial discovery—the supposed unconstitutional state action—and his purported inability to pursue post-conviction proceedings. *See Ex parte Avalos*, WR-95,040-01 (Tex. Crim. App., *writ den.*, Aug. 23, 2023). He seeks a declaratory judgment that the Defendants violated his constitutional rights, an order compelling the Defendants to provide the previously requested post-trial discovery, attorney's fees, and any other relief the Court deems proper. Pl.'s Compl., ECF No. 1-1 at 4, 15.

The United States Magistrate Judge to whom the Court referred this matter recommends that the Court dismiss Avalos' complaint. R. & R., ECF No. 2 at 5; *see* 28 U.S.C. § 636(b)(1)(B) (permitting a district court, on its own motion, to refer a pending matter to a Magistrate Judge for a report and recommendation). The Magistrate Judge observes that Avalos' "trial occurred before 2010 [and] the post-trial discovery [request] supposedly at issue … was sent and due in 2021"—or more than two years before he dated and presumably mailed his complaint on May 6, 2025. *Id.* at 3. She accordingly finds that Avalos' § 1983 claims are barred by the two-year statute of limitations applicable to § 1983 complaints. *Id.* at 3 (citing *Whitt v. Stephens County*, 529 F.3d 278, 282 (5th Cir. 2008)); *see also Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987) ("Civil rights actions brought under 42 U.S.C. §§ 1981, 1983, 1985, and 1988 are deemed analogous to Texas tort actions, and … the applicable limitations period is ... two years."). She adds that sovereign immunity bars private suits against the State of Texas. *Id.* at 4; *see City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019) ("In most cases, Eleventh Amendment sovereign immunity bars private suits against nonconsenting states in federal court."). Finally, the Magistrate Judge notes that Avalos' claims against the District Attorney's office or the District Attorney for monetary damages arising from his conviction are barred by *Heck* because

his conviction was never invalidated. *Id.* at 4–5 (citing *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) ("A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.")).

Avalos was given fourteen days to file written objections to the Magistrate Judge's proposed findings, conclusions, and recommendations. *Id*. at 6; *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). As of this date, Avalos has not responded to the order by filing an amended complaint or to the report and recommendation by submitting objections.

A party who files timely written objections to a magistrate judge's report is entitled to a "de novo" review of those portions of the report to which the party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). As to other portions of the report—or when a party does not file written objections—the court applies a "clearly erroneous, abuse of discretion and contrary to law" standard of review. 28 U.S.C. § 636(b)(1)(A); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). After completing its review, a court may accept, reject, or modify the report, in whole or in part. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

After completing a plain-error review, the Court concludes that the Magistrate Judge's findings and conclusions are neither clearly erroneous nor contrary to law. *Wilson*, 864 F.2d at 1221. It therefore enters the following orders:

**IT IS ORDERED** that the "Report and Recommendation" of the Magistrate Judge (ECF No. 2) is **ACCEPTED AND ADOPTED** by the Court.

**IT IS FURTHER ORDERED** that Raul Avalos' "Civil Rights Complaint" (ECF No. 1-1) is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

**IT IS FURTHER ORDERED** that the dismissal of Raul Avalos' complaint will count as a "**STRIKE**" pursuant to 28 U.S.C. § 1915(g).[1] The Clerk will therefore provide a copy of this order to the Operations Department for the Western District of Texas. The Court **ADVISES** Raul Avalos that should he accumulate three strikes, he may be required to pay the full filing fee when filing additional civil actions or appeals, unless he demonstrates that he is in imminent danger of serious physical injury.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the District Clerk Shall **CLOSE** this case.

**SIGNED this 19th day of September, 2025.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

---

[1] *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").